O

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | Case No. 2:08-cv-02222-ODW |
| Plaintiff, | **ORDER:** |
| v. | |
| MIKE E. KNOWLES and LORI JOHNSON, | **(1) DECLARING DEFENDANT A VEXATIOUS LITIGANT** |
| Defendants. | |
| | **(2) ENJOINING FUTURE AMERICANS WITH DISABILITIES ACT ACTIONS ABSENT LEAVE** |
| | **(3) IMPOSING A SECURITY REQUIREMENT AS A PRECONDITION TO THIS ACTION** |

## I. INTRODUCTION

Elonza Jesse Tyler, a California prisoner, filed this action pro se and in forma pauperis on September 19, 2008, alleging that several employees and officers of the California Department of Corrections and Rehabilitation violated his rights under the Americans with Disabilities Act. On December 30, 2010, this Court granted Defendants' motion seeking to have Tyler declared a vexatious litigant, on the basis that he had filed at least seven actions that were determined adversely against him in

the seven years immediately preceding this action. (ECF No. 35.) As a result, the Court ordered that Tyler (1) was required thereafter to seek leave of the presiding judge before filing any new litigation; and (2) must furnish an $850 security for the benefit of Defendants in this action as a precondition to continuing with this case. (*Id.*)

Tyler appealed this decision on January 14, 2011, and on September 21, 2012, the Ninth Circuit vacated the Court's December 30 order and remanded for further findings. The Ninth Circuit noted that while this Court had "found that Tyler met the definition of a vexatious litigant under California law and the local rules of court, federal law requires that pre-filing review orders imposed on vexatious litigants must be 'narrowly tailored to the plaintiff's claimed abuses,' and before entering such an order, the district court is required to make 'explicit substantive findings as to the frivolousness or harassing nature of the plaintiff's filings." (ECF No. 52, at 2 (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990).).

For the reasons discussed below, the Court specifically finds that Tyler's prior filings were frivolous, reaffirms its declaration that Tyler is a vexatious litigant, narrows its prior pre-filing order, and re-imposes the $850 security requirement as a precondition to maintaining this action.

## II. TYLER'S LITIGATION HISTORY

Under California law, a vexatious litigant is any individual who, in "the immediately preceding seven-year period has commenced, prosecuted, or maintained *in properia persona* at least five litigations . . . that have been . . . finally determined adversely to the person." Cal. Code Civ. Proc. § 391(b)(1); *see also* E.D. Cal. Local R. 65.1-151(b) (adopting California Code of Civil Procedure definition of vexatious litigants for purposes of requiring security for costs for vexatious litigants). Under this statute, a "litigation" includes a civil trial, a special proceeding, an appeal, and any "writ petitions other than habeas corpus or criminal matters." *McColm v. Westwood Park Ass'n*, 62 Cal. App. 4th 1211, 1219 (1998).

With this standard in mind, the Court proceeds to summarize Tyler's litigation history in federal court (limited to actions before the District Court for the Eastern District of California and the Ninth Circuit Court of Appeals) since 2005. The Court summarizes this history in chronological order based on the date on which the actions were filed.

### 1. *Tyler v. Alameida*, No. 1:04-cv-06638-LJO-BAM (E.D. Cal. filed Sept. 20, 2004)

Plaintiff Elonza Jesse Tyler, a state prisoner at Avenal State Prison ("ASP") proceeding pro se and in forma pauperis, sued Bradley Williams, M.D., a physician at the Doctors Hospital of Manteca; Nancy Erly, a registered nurse; and Dennis Smith, M.D., a physician at ASP, for violation of his Eighth Amendment rights.

On September 4, 2003, Tyler fell and injured his knee while housed at Folsom State Prison. (See *Tyler v. Butler*, No. CIV S-06-0861 JAM GGH P (E.D. Cal. filed Apr. 21, 2006), below for more regarding Tyler's injury.) On December 10, 2003, Tyler was taken to Doctors Hospital of Manteca for an orthopedic evaluation by Defendant Williams for pain and difficulty walking as a result of his knee injury. Tyler's complaint alleged that Williams failed to properly diagnose his injury and recommend a course of treatment, which Tyler equated to no treatment at all. Dr. Williams moved for summary judgment on February 1, 2008.

On March 24, 2004, Tyler was transferred to ASP. By that time Tyler could no longer walk up or down stairs due to severe pain in both knees. He was seen by ASP physician Dr. Weed on April 6 and ASP physician Dr. Smith on May 4, and both physicians noted that Tyler's left knee was swollen and painful and that he needed an orthopedic consult.

On May 26, 2004, defendants Dr. Smith and Erly, a registered nurse, partially granted Tyler's inmate appeal, noting that he had been referred to an orthopedist and should have been seen within 90 days. Tyler was eventually seen by an orthopedic surgeon in October 2004 and received surgery on March 15, 2005.

1    In addition to its allegations regarding Dr. Williams, Tyler's complaint alleged
2 that Erly and Dr. Smith acted with deliberate indifference to Tyler's serious medical
3 needs by disregarding a substantial risk of serious and further harm because he was
4 not promptly seen by an orthopedic specialist. Tyler also alleged Dr. Smith violated
5 policy by failing to promptly schedule his knee surgery in the face of his repeated
6 complaints of severe pain. Tyler moved for default judgment against Dr. Smith.

7    With respect to Dr. Williams, the magistrate judge found that Tyler had not
8 submitted any admissible evidence that the medical treatment Dr. Williams provided
9 fell below the appropriate standard of care for orthopedic surgeons. The magistrate
10 judge noted that "[d]eliberate indifference is a high legal standard" and that "[a]
11 disagreement between a prisoner and a physician is not sufficient to support an Eighth
12 Amendment claim." (ECF No. 132, at 5.)

13    With respect to Dr. Smith, the magistrate judge found that Tyler's amended
14 complaint had failed to state a claim against Dr. Smith, and thus Tyler was not entitled
15 to default judgment. The magistrate judge also found that the amended complaint
16 failed to state a claim against Erly. Tyler was allowed leave to amend to file a second
17 amended complaint, but the district judge screened this complaint and dismissed it
18 without leave to amend for failure to state a claim. (ECF No. 148.)

19    Following an appeal, the Ninth Circuit affirmed the dismissal as against Erly
20 but reversed and remanded as against Dr. Smith. (ECF No. 155.) Dr. Smith's March
21 1, 2012 motion for summary judgment remains pending before the district court.

22    **2.    *Tyler v. Smith*, No. 1:05-cv-00916-OWW-SMS PC (E.D. Cal. filed**
23         **July 17, 2005)**

24    Tyler, still a state prisoner at ASP and again proceeding pro se and in forma
25 pauperis, sued former California Department of Corrections and Rehabilitation
26 Director J. Woodford and Correctional Officer T. Smith seeking money damages
27 under 42 U.S.C. § 1983 on the basis that Tyler's mail was opened and inspected
28 outside of his presence. The magistrate judge found that Tyler's amended complaint

4

failed to state a claim under § 1983 and noted that "Plaintiff was previously given leave to amend to cure the deficiencies in his claims, but was unable to do so." (ECF No. 14, at 6.) The district judge accepted the magistrate judge's recommendation that the complaint be dismissed with prejudice and found that the dismissal counted as a strike under 28 U.S.C. § 1915(g).[1] (ECF No. 15.)

### 3. *Tyler v. Rocha*, No. 1:06-CV-90-BLW-MHW (E.D. Cal. filed May 22, 2006)

Tyler, again an inmate at ASP and suing pro se and in forma pauperis, sued ASP Chief Medical Officer R. Davis, ASP Warden K. Mendoza-Powers, ASP Associate Warden B.J. Hill, ASP correctional counselors E. Rocha and Stiles, the State of California, and the California Department of Corrections. Tyler alleged that various prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment, as well as his rights under the ADA. The crux of Tyler's complaint was that he was denied the reasonable ADA accommodation of a van transport to California Medical Facility, which ultimately delayed his transfer to CMF from Avenal State Prison and caused delay in his receipt of medical treatment.

Tyler's original complaint was dismissed on grounds that Title II of the ADA does not permit him to sue prison officials in their personal capacities and because he had not alleged he was denied a benefit. Tyler subsequently filed first and second amended complaints.

On cross motions for summary judgment, the magistrate judge found that Tyler had not alleged that he was denied a benefit or service or that the denial was "by reason of the plaintiff's disability" as required by 42 U.S.C. § 12132. (ECF No. 61, at 9.) The magistrate judge also pointed out that the first and second amended

---

[1] Section 1915(g) provides that a prisoner may not bring a civil action or appeal a judgment in a civil action if the prisoner has, on 3 or more occasions, while incarcerated in any facility, brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1  complaints had not cured the deficiencies in his original complaint.  (*Id.* at 8.)  Finally,
2  the magistrate judge noted that "[d]eliberate indifference is a high legal standard" and
3  that "[m]ere negligence in treating a medical condition does not violate a prisoner's
4  Eighth Amendment rights," and it found that there were "no facts to suggest that any
5  of these Defendants had subjective knowledge, or consciously disregarded, an
6  excessive risk to Plaintiff's health and safety."  (*Id.* at 15.)

7  The district court, in accepting the magistrate judge's recommendation, noted
8  that "Plaintiff has failed to bring forward any evidence showing that Defendants (in
9  their official capacity) acted with deliberate indifference or discriminatory intent in
10 failing to send a regular van rather than a regular bus to accommodate Plaintiff's
11 intermittent need for special transportation."  (ECF No. 63.)  The court further noted
12 that "Deliberate indifference requires a plaintiff to bring forward facts showing that
13 the entity's 'failure to act [is] a result of conduct that is more than negligent, and
14 involves an element of deliberateness.'"  (*Id.*)

15 **4.**     ***Tyler v. Tulp*, No. 1:06-cv-00091 LJO DLB P (E.D. Cal. filed Apr. 4,**
16 **2006**)

17 Tyler, again an inmate at ASP and suing pro se and in forma pauperis, sued
18 ASP Correctional Sergeant Tulp alleging retaliation in violation of 42 U.S.C. § 1983.
19 (The magistrate judge noted that in 2004–2005, the years leading up to this action,
20 "plaintiff was engaged in various litigation activities, including the filing of
21 grievances, a petition for habeas corpus, and state court actions."  (ECF No. 34, at 3.))
22 The suit stems from two incidents on May 14, 2005, and July 28, 2005.
23 On May 14, 2005, Officer Pressley received a call from a Medical Technical
24 Assistant informing him that Tyler had failed to show up to take his medication and
25 giving instructions to Pressley to have Tyler come take his medication.  When
26 Pressley ordered Tyler to report to the medical clinic to take his medication, Tyler
27 refused.  Pressley then notified Defendant Tulp of the situation, who asked Pressley to
28 restrain Tyler until Tulp could speak with Tyler himself.  When Tulp arrived, Tyler

1  contested that he could take his medication on an as-needed basis.  Tyler was
2  informed that he had to report to the medical clinic and straighten out any confusion
3  there.  No physical injuries resulted, and there had been no prior incidents involving
4  Tyler and Tulp.

5  On July 28, 2005, Tyler was playing chess with another inmate.  Tulp, an avid
6  chess player, walked over to Tyler's game to observe.  Tulp proceeded to make
7  disparaging comments towards Tyler's opponent, but did not make any comment or
8  statement to Tyler.

9  Tyler claimed that the May 14 incident was in retaliation for his filing
10 grievances and redress of grievances in state court.  Tyler also claimed he suffered
11 emotional distress, including loss of sleep and paranoia, from these events.  In an
12 effort to address these claims, the Chief Psychologist reviewed Tyler's file and
13 concluded that he did not suffer any demonstrated undue or increased psychological
14 effects from these events.

15 The magistrate judge found that Tyler had not submitted sufficient evidence to
16 establish the requisite retaliatory intent for Tyler's retaliation claims based on the May
17 14 and July 28 events and therefore entered judgment as a matter of law in favor of
18 Tulp.  The District Judge accepted the Report and Recommendation in full and
19 dismissed the action.

20 **5.**    ***Tyler v. Davis*, No. 1:06-cv-00092-AWI-SMS PC (E.D. Cal. filed Feb.**
21 **10, 2006)**

22 After ASP began providing a physical-therapy program, Tyler began seeing
23 physical therapist Reed Jackman from June 17, 2005, to July 8, 2005.  Jackman found
24 Tyler to be unreceptive to his suggestions on how to properly rehabilitate Tyler's
25 knee, and Tyler expressed disappointment that he was not receiving the same level of
26 care a professional athlete would receive.  As a result, Tyler sued Jackman, Dr. Smith
27 (who had prescribed physical therapy), ASP's Chief Medical Officer R. Davis, and
28 / / /

ASP Warden K. Mendoza-Powers, alleging deliberate indifference to his medical condition for poor medical treatment while at ASP.

On January 13, 2009, the magistrate judge found that Defendant Smith had not met his burden as the moving party on summary judgment and recommended his motion for summary judgment be denied.  (ECF No. 55.)  The magistrate judge did, however, recommend that the District Court grant defendants Jackman, Mendoza-Powers, and Madruga's motion for summary judgment, noting that "[d]eliberate indifference is a high legal standard" and that Tyler had not raised a triable issue of fact against these defendants.  (*Id.* at 12–13.)  The District Judge accepted these findings and recommendations in full on March 12, 2009.  (ECF No. 57.)

On November 19, 2009, the magistrate judge recommended Davis's motion for summary judgment be granted, noting again that "deliberate indifference is a high legal standard."  (ECF No. 73, at 11 (alteration omitted).)  The district judge adopted this recommendation and referred the case back to the magistrate judge for trial on Tyler's claims against Smith.  (ECF No. 73.)  At trial, the jury returned a verdict in defendant Smith's favor.  (ECF No. 117.)

**6.**     *Tyler v. Butler*, **No. CIV S-06-0861 JAM GGH P (E.D. Cal. filed Apr. 21, 2006)**

On September 4, 2003, Tyler was working as a dishwasher in the culinary department at Folsom State Prison ("FSP") and injured his knee when he slipped and fell while trying to avoid being sprayed by hot water from an unattached hot water hose.  Tyler, proceeding pro se and in forma pauperis, sued former FSP Warden Diana K. Butler and several other correctional officers alleging they knowingly failed to install a high-pressure hot water hose safety device to secure the hose inside the dishwashing tank.  This, according to Tyler, amounted to a hazardous working condition to which defendants were deliberately indifferent in violation of the Eighth Amendment.

/ / /

After a lengthy discussion of the undisputed facts and the evidence submitted in support of and in opposition to defendants' motion for summary judgment, the magistrate judge found that "although he made some effort through discovery, [Tyler] has failed to make a sufficient showing that the [correctional-officer] defendants were on notice of the conditions in the kitchen that [Tyler] has alleged to be unsafe." (ECF No. 38, at 16. The magistrate judge further found that Tyler had not demonstrated that Butler was personally involved in any alleged constitutional violation. The District Judge adopted the magistrate judge's findings and recommendations in full. (ECF No. 43.)

**7.    *Tyler v. Andreasen*, No. CIV S-06-1883 MCE EFB P (E.D. Cal. filed Aug. 22, 2006)**

Tyler, again proceeding pro se and in forma pauperis, sued the medical staff at California Medical Facility (where he was transferred from ASP) alleging deliberate indifference to his medical condition in violation of the Eighth Amendment. This suit also stemmed from Tyler's September 4, 2003 injury, though here Tyler claimed he received inadequate medical treatment as opposed to alleging the knowing creation of a hazardous condition.

On December 20, 2005, defendant Dr. Mehta examined Tyler and opined that he needed to begin physical rehabilitation following an operation Tyler had received in March 2005. Dr. Mehta prepared orders to provide treatment immediately. At a follow-up exam on December 28, he was referred to an orthopedic specialist and given pain medication.

Tyler then filed a grievance seeking orthopedic treatment. He was seen by Dr. Kofoed in February and April 2006, diagnosed with osteoarthritis in both knees, and told he should have arthroscopic surgery on his left knee. Plaintiff was scheduled for surgery in June 2006, but Dr. Kofoed ended his contract with CMF prior to the surgery date. Defendant Dr. Andreasen, the Chief Medical Officer at CMF, subsequently approved having Tyler taken to Queen of the Valley Hospital to consult

1  with their orthopedic surgeon on June 23, 2006.  Tyler ultimately had surgery on
2  September 13, 2006.
3       The crux of Tyler's claim was that his surgery was scheduled for June 2006 and
4  not performed until September 2006, and that this rescheduling and resulting delay
5  evidenced deliberate indifference to his serious medical needs.  The magistrate judge
6  noted that "[d]eliberate indifference is a high legal standard" and found that Tyler had
7  not produced any evidence that Dr. Mehta had deliberately delayed his surgery: "That
8  [Tyler] feels he should have received treatment more quickly does not implicate
9  liability on the part of Mehta."  (ECF No. 34, at 8–9.)  The magistrate judge made
10 similar findings with respect to the remaining defendants and recommended granting
11 summary judgment in favor of all defendants.  The District Judge subsequently
12 adopted the magistrate judge's Report and Recommendation in full.  (ECF No. 36.)
13      **8.**     *Tyler v. Andreasen*, **No. 08-17370 (9th Cir. filed Oct. 29, 2008)**
14      On appeal, the Ninth Circuit held that the "district court properly granted
15 summary judgment because Tyler failed to raise a triable issue as to whether
16 defendants were deliberately indifferent to his medical needs concerning his knees.
17 Tyler's remaining contentions are unpersuasive."

### III.   LEGAL STANDARD

19      District courts have an "obligation to protect the orderly and expeditious
20 administration of justice."  *In re Powell*, 851 F.2d 427, 430 (9th Cir. 1988).  Incident
21 to this obligation is the district court's inherent power "to regulate the activities of
22 abusive litigants by imposing carefully tailored restrictions" on the abusive litigant.
23 *See DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  And while
24 "enjoining litigants with abusive and lengthy histories is one form of restriction the
25 district court may take," constitutional due-process concerns dictate that "pre-filing
26 orders should rarely be filed."  *Id.*
27      With an eye towards the general rule that pro-se litigants should be afforded
28 free access to the courts, the Ninth Circuit has directed that "the district court should

endeavor to create an adequate record for review" and "to make substantive findings as to the frivolous or harassing nature of the litigant's actions" prior to issuing a pre-filing injunction against a pro-se litigant. *Powell*, 851 F.2d at 431; *see also DeLong*, 912 F.2d at 1148. To make such findings, the district court must look at both the number and content of the litigant's non-pending cases as indicia of frivolousness or harassment. *Powell*, 851 F.2d at 431. Further, a pre-filing "injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must be not only numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

## IV.  DISCUSSION

A review of Tyler's litigation history reveals that since 2005, Tyler has filed at least seven civil-rights lawsuits as a state prisoner. One of these actions, a § 1983 action alleging that Tyler's mail was improperly opened outside of his presence, was dismissed for failure to state a claim and deemed frivolous under 28 U.S.C. §1915(g).[2] The remaining six of these actions alleged violations of Tyler's rights under the Eighth Amendment or the ADA, or both, against a litany of prison staff and officials, largely on grounds that Tyler was unhappy with the promptness or quality of the medical care and accommodations he ultimately received.[3] But despite being told by trial courts time and again that "deliberate indifference is a high legal standard," all or part of each of Tyler's actions have been dismissed on summary judgment for falling far short of that high standard and therefore failing to raise issues of triable fact.

Framed slightly differently, at the time this action was filed before this Court on September 19, 2008, Tyler's § 1983 action had been dismissed as frivolous,[4] and one

---

[2] *Tyler v. Smith*, No. 1:05-cv-00916-OWW-SMS PC, 2007 WL 934750 (E.D. Cal. Mar. 27, 2007).
[3] *See Tyler v. Andreasen*, No. CIV S-06-1883 MCE EFB P (E.D. Cal. filed Aug. 22, 2006); *Tyler v. Butler*, No. CIV S-06-0861 JAM GGH P (E.D. Cal. filed Apr. 21, 2006); *Tyler v. Davis*, No. 1:06-cv-00092-AWI-SMS PC (E.D. Cal. filed Feb. 10, 2006); *Tyler v. Tulp*, No. 1:06-cv-00091 LJO DLB P (E.D. Cal. filed Apr. 4, 2006); *Tyler v. Rocha*, No. 1:06-CV-90-BLW-MHW (E.D. Cal. filed May 22, 2006); *Tyler v. Alameida*, No. 1:04-cv-06638-LJO-BAM (E.D. Cal. filed Sept. 20, 2004).
[4] *Smith*, 2007 WL 934750.

of his many ADA actions had been dismissed on summary judgment.[5] And at the time the Court entered its December 30, 2010 pre-filing order, three more of Tyler's ADA actions had been determined adversely against him on summary judgment, and one of these dismissals was affirmed by the Ninth Circuit.[6] Another ADA case was partially disposed of on summary judgment and the remainder disposed of by a defense verdict following a jury trial.[7] All of these dismissals found that Tyler had not established his claims, and several of them noted he had not even pleaded his claims properly.

In short, Tyler has persistently failed to meet his burden to properly plead and prove his Eighth Amendment and ADA claims, despite repeatedly receiving clear explanations in dismissal orders from both federal district and appellate courts how his claims have failed. Rather than heed this advice, Tyler persists in filing claims he should now know he cannot ultimately prove.

To further illustrate the frivolousness of Tyler's suits, many of Tyler's complaints were premised not on prison officials' deliberate indifference to his serious medical needs, but rather Tyler's disappointment that the medical care he has received while incarcerated has not been immediate, world-class treatment. At best, the conduct Tyler complained of in these cases rose to mere negligence, upon which a deliberate-indifference claim cannot stand. And Tyler has been informed of just that—repeatedly. *E.g.*, *Tyler v. Alameida*, No. 1:04-cv-06638-LJO-BAM, 2010 WL 2509140, at *3 (E.D. Cal. June 17, 2010) ("A disagreement between a prisoner and a physician is not sufficient to support an Eighth Amendment claim . . . ." (citing *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981)); *Tyler v. Rocha*, No. 1:06-CV-90-BLW-MHW, 2009 WL 691981, at *8 (E.D. Cal. Mar 16, 2009) ("Mere

/ / /

---

[5] *Tyler v. Tulp*, No. 1:06-cv-00091 LJO DLB P, 2008 WL 3470660 (E.D. Cal. Aug. 12, 2008).
[6] *Tyler v. Andreasen*, No. CIV S-06-1883 MCE EFB P, ECF No. 36 (E.D. Cal. filed Sept. 30, 2008), aff'd, *Tyler v. Andreasen*, 370 F. App'x 776 (9th Cir. 2010).
[7] *Tyler v. Davis*, No. 1:06-cv-00092-AWI-SMS PC (E.D. Cal. filed Feb. 10, 2006).

negligence in treating a medical condition does not violate a prisoner's Eighth Amendment rights.").

Tyler's litigation behavior to date with respect to Eighth Amendment and ADA claims clearly extends beyond mere litigiousness. While the Court cannot yet say with certainty that Tyler's lawsuits have been filed with "an intent to harass the defendant[s] or the court[s]," *Powell*, 851 F.2d at 431, the Court can confidently classify Tyler's claims as frivolous and, in retrospect, patently without merit. And while the case presently before the Court presents a variation on Tyler's usual theme—here he claims his ADA rights have been violated because he has been excluded from participating in ASP's Pastoral Care Services program because of his disability—a passing glance at Tyler's allegations here reveals a slim likelihood of success on the merits.

## V. CONCLUSION

Accordingly, the Court hereby reaffirms its declaration that Elonza Jesse Tyler is a vexatious litigant under California Civil Procedure Code section 391(b)(1)(i) and Eastern District of California Local Rule 65.1-151(b). Further, in light of the Court's substantive finding that Tyler's prior actions have been frivolous, the Court hereby **ENJOINS** Tyler from filing any new Eighth Amendment or ADA actions relating to his medical care, treatment, or accommodations without first seeking leave of the presiding judge to do so.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1       Finally, as a condition to maintaining the present action, Tyler must file a
2 security in the amount of $850 for the benefit of Defendants in this action. This action
3 is hereby **STAYED** pending proof that such security has been furnished.

4       **IT IS SO ORDERED.**

6       November 13, 2012

8       _____
9       **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**